**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN P. LEE,

    Plaintiff,

vs.                                                    CASE NO. 3:09-cv-421-J-12TEM

SECURITY CHECK, LLC,
PIZZA HUT OF FLORIDA, INC., and
EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendants.
_____

## O R D E R

This case is before the Court on Plaintiff's Motion to Amend Complaint (Doc. #3), which was pending when the case was removed to federal court on May 8, 2009, and Plaintiff's Motion to Amend Complaint to Correct Misnomer (Doc. #15), filed May 15, 2009. Plaintiff separately filed supporting memoranda of law on the two motions (*see* Docs. #23, #24). Defendant Security Check, LLC filed its Opposition to Plaintiff's First Motion to Amend Complaint (Doc. #25) on May 26, 2009. To date, no other responses to the instant motions have been filed. Plaintiff filed the Request for Oral Arguments in Reply to Defendant's Opposition to Plaintiff's First Motion to Amend Complaint (Doc. #26, Request) on May 27, 2009.

Upon review of the record, the Court found the issues raised by Plaintiff were fully briefed and concluded oral argument would not benefit the Court in its making its determinations. Accordingly, the matter has been decided on the written record and Plaintiff's Request (Doc. #26) is **DENIED**.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall

be freely given when justice so requires." Fed. R. Civ. p. 15; *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the language of the *Foman* Court,

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182.

Although the Court has broad discretion to grant or deny pleading amendments under the *Foman* standards, that discretion is not unfettered. There is strong precedence within the Eleventh Circuit for allowing pleading amendments. In *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999), the court found "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).[1]

In this instance, the Court finds there is substantial reason to deny the instant motions in part. Thus, for the reasons set out herein, Plaintiff's Motion to Amend Complaint (Doc. #3) and Plaintiff's Motion to Amend Complaint to Correct Misnomer (Doc. #15) are **granted in part and denied in part**.

*Plaintiff's Motion to Amend Complaint*

Plaintiff's Motion to Amend Complaint (Doc. #3) seeks to add a count for punitive damages raising claims for those punitive damages against all the named Defendants in

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

regards to Plaintiff's defamation action, against Defendant Experian Information Solutions, Inc. for willful violation of the Fair Credit Reporting Act (codified at 15 U.S.C. 1681, *et seq.*), and against Defendant Security Check, LLC for willful violation of the Fair Debt Collection Practices Act (codified at 15 U.S.C. 1692, *et seq.*).[2]

With respect to the defamation count, it is well settled that a plaintiff may seek punitive damages in a defamation action. *See Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749 (1985) (defamation action holding that false statements in the Plaintiff's credit report did not involve matters of public concern which would require showing actual malice for recovery of punitive damages); *see also Curtis Publishing Co. v. Butts*, 388 U.S. 130 (1967) (libel action recognizing the Constitution presents no general bar to the assessment of punitive damages in a civil case). Thus, the Court would allow an amended complaint from the Plaintiff seeking punitive damages for defamation allegedly caused by the Defendants.

The FCRA specifically provides that any violating entity is liable to a consumer for damages including, but not limited to, "such amount of punitive damages as the court may allow. . . ." 15 U.S.C. 1681n (a)(2). Thus, the Court would allow an amended complaint from the Plaintiff seeking punitive damages against Defendant Experian Information Solutions, Inc. for alleged violations of the FCRA.

The FDCPA provides for recovery of actual damages, reasonable attorney's fees

---

[2]Hereafter, the Fair Credit Reporting Act will be identified as "FCRA" and the Fair Debt Collection Practices Act will be identified as "FDCPA." The Court takes note that Plaintiff inaccurately refers to the "Fair Debt Collection Procedures Act" in Count IV of the original complaint, but he does refer to the correct federal statute for the Fair Debt Collection Practices Act.

and "such additional damages as the court may allow, but not exceeding $1,000. . . ." 15 U.S.C. 1692k (a)(2)(A). Defendant Security Check, LLC objects to Plaintiff's First Motion to Amend Complaint on the grounds that the FDCPA does not permit the award of punitive damages (Doc. #25). Federal common law supports the position that the additional damages outlined by the FDCPA "includes punitive damages and that the discretionary statutory award is meant to preclude a separate award of punitive damages." *Thomas v. Pierce, Hamilton, and Stern, Inc.*, 967 F.Supp. 507, 509 (N.D. Ga. 1997). Further, the Middle District of Florida has consistently declined to recognize punitive damages for FDCPA violations or to exceed the $1,000 limit on additional damages outlined by the statute. *See, e.g., Fulford v. NCO Fin. Sys., Inc.*, No. 6:07-cv-1196-Orl-22KRS, 2008 WL 2952859 (M.D. Fla. July 30, 2008); *Laufman v. Phillips & Burnes, Inc.*, No. 8:07-cv-2171-T-23MSS, 2008 WL 190604 (M.D. Fla. Jan. 22, 2008); *Barker v. Tomlinson*, No. 8:05-cv-1390-T-27EAJ, 2006 WL 1679645 (M.D. Fla. June 7, 2006). Thus, the Court would deny an amended complaint from Plaintiff seeking punitive damages against Defendant Security Check, LLC for alleged violations of the FDCPA. Such a claim would be futile. However, may seek the additional damages provided by statute. Should Plaintiff satisfy his burden of proof, he may be entitled to up to the $1,000 in additional damages as provided by 15 U.S.C. 1692k (a)(2)(A).

<u>*Plaintiff's Motion to Amend Complaint to Correct Misnomer*</u>

Plaintiff's Motion to Amend Complaint to Correct Misnomer (Doc. #15) seeks to change the name of Defendant Pizza Hut of Florida, Inc. to Pizza Hut of America, Inc. as

a properly named defendant in this action.[3]  To date, no opposition to the instant motion has been filed.

Upon consideration, this Court finds Plaintiff's Motion to Amend Complaint to Correct Misnomer (Doc. #15) not to be in bad faith, for purposes of delay, or for any suspect reason stated in *Foman*. Thus, the Court would allow an amended complaint changing the name of Defendant Pizza Hut of Florida, Inc. to Pizza Hut of America, Inc.  However, the Court expresses no opinion on Plaintiff's argument that the amended complaint should relate back to the service and filing of the original complaint and declines to rule on that particular request as contained within the instant motion (Doc. #15).

Accordingly, upon due consideration it is hereby **ORDERED:**

1.   Plaintiff's Motion to Amend Complaint (Doc. #3) is **DENIED in part and granted in part**.

2.   Plaintiff's Motion to Amend Complaint to Correct Misnomer (Doc. #15) is **DENIED in part and granted in part**.

3.   Plaintiff shall file and serve a properly amended complaint in conformance with the directives stated herein by the close of business on July 30, 2009.

4.   Defendants are permitted twenty (20) days to answer or otherwise respond to the amended complaint.

5.   Defendant, Pizza Hut of America, Inc.'s Motion to Dismiss Plaintiff's

---

[3]The Court notes a certifying statement pursuant to Local Rule 3.01(g) was missing from the instant motion.  Inclusion of this information indicating whether opposing counsel has any objection to the requested relief often allows the Court to rule more quickly.  In the future, the parties should be careful to follow the mandates of Local Rule 3.01(g) and include a certifying statement in their motions.

Complaint Against Pizza Hut of Florida, Inc. (Doc. #14) is **DEEMED MOOT**. The Clerk shall terminate the motion.

   **DONE AND ORDERED** at Jacksonville, Florida this 10th day of July, 2009.

*[signature: Thomas E. Morris]*

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies:
All Counsel of Record
*Pro Se* parties, if any