**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHN P. LEE,

    Plaintiff,

    v.                                  Case No.3:09-cv-421-J-12TEM

SECURITY CHECK, LLC, et al.,

    Defendants.

---

O R D E R

This cause is before the Court on three motions and related filings: 1) "Defendant Pizza Hut of America Inc.'s Motion for Partial Dismissal ..." (Doc. 32)("Defendant Pizza Hut's Motion to Dismiss") and Plaintiff's response thereto (Doc. 44); 2) Defendant Experian Information Solutions, Inc.'s Partial Motion to Dismiss (Doc. 37)("Defendant Experian's Motion to Dismiss") and Plaintiff's response thereto (Doc. 42); and 3) "Defendant Pizza Hut of America Inc.'s Motion to Strike Portions of Plaintiff's Opposition to Its Motion for Partial Dismissal ..." (Doc. 46), which was joined by Defendants Experian (Docs. 54 and 60) and Security Check, LLC (Doc. 53)("Defendants' Motion to Strike"), and Plaintiff's response thereto (Doc. 47). On October 14, 2009, the Court conducted a hearing on the motions and heard the argument of all parties. For the reasons set forth below, the Court will grant Defendants' Motion to Strike as well as the motions to dismiss as set forth herein.

Introduction

Plaintiff's Second Amended Complaint (Doc. 31)[1] attempts to assert five causes of action arising from the three Defendants' alleged erroneous attempt to collect from Plaintiff a debt resulting from a $31.00 worthless check issued to Defendant Pizza Hut. Count I seeks injunctive relief against all three Defendants. Count II seeks damages from all Defendants for defamation. Count III requests relief against Defendant Experian for violations of the Fair Credit Reporting Act ("FCRA"). Count IV seeks relief from Defendants Security Check and Pizza Hut for violation of the Fair Debt Collection Practices Act ("FDCPA"). Count V seeks punitive damages against all three Defendants. The Court notes that Count II against all Defendants for defamation and Count III against Defendant Experian for violation of the FCRA have not been challenged in the motions to dismiss.

Defendants' Motion to Strike (Doc. 46)

Defendants maintain that three parts of Plaintiff's response (Doc. 44) to Defendant Pizza Hut's Motion to Dismiss (Doc. 32) should be stricken and not considered by the Court: 1) Exhibits A and B (an affidavit and Defendant Pizza Hut's initial Rule 26 disclosures)("exhibits"); 2) new factual assertions not contained in his Second Amended Complaint (Doc. 31), for example, statements regarding the relationship between Defendant Pizza Hut and Yum Brands, Inc., and Defendant Pizza Hut's alleged knowledge of the error in attempts by Defendant Security Check to collect Defendant Pizza Hut's debt

---

[1] The Court notes that Doc. 31 is entitled "Second Amended Complaint," and at the hearing, the parties confirmed that it is Plaintiff's third complaint. The Court's docket indicates that Doc. 31 is an amended complaint, likely because only Plaintiff's original Complaint (Doc. 2), which appears in the record of this Court. The Court will direct the Clerk to amend the docket entry to correctly reflect that Doc. 31 is Plaintiff's Second Amended Complaint.

2

from Plaintiff ("new factual assertions"); and 3) statements made by an attorney for Defendant Security Check during settlement negotiations which Plaintiff offers in order to impute liability on behalf of Defendant Pizza Hut. In his response (Doc. 47) to this motion, Plaintiff argues among other things, that Defendant Pizza Hut's Motion to Dismiss should be converted into a motion for summary judgment and the exhibits and new information considered, and that a party who was not privy to the settlement discussion has no expectation of confidentiality so the Court may properly consider such statements to impute liability.

Pursuant to Fed.R.Civ.P. 12(f), the Court's inherent power, and related case law, the Court has the authority to strike from the pleadings and other Court records "any redundant, immaterial, impertinent, or scandalous matter." At the hearing, the Court indicated that it would not consider Defendant Pizza Hut's Motion to Dismiss as a motion for summary judgment, and counsel for Plaintiff indicated that he had no objection to granting the motion to strike as to the first two categories of documents challenged (exhibits and new factual assertions).

The Court notes that Defendant Pizza Hut's Motion to Dismiss (Doc. 32) was filed pursuant to Fed.R.Civ.P. 12(b)(6) and seeks dismissal of three counts of Plaintiff's Second Amended Complaint (Doc. 31) for failure to state a cause of action. In response to this motion, Plaintiff has addressed only superficially the legal challenges raised by Defendant Pizza Hut, and has instead attempted to avoid dismissal of the various counts by making additional factual allegations that are not contained in his Second Amended Complaint (Doc. 31), and by submitting evidence in support of those allegations for the Court's consideration. The Court is of the opinion that in this situation, it would be improper to

convert the motion to dismiss into a motion for summary judgment when the additional information and evidence presented significantly changes or adds to existing allegations in the Second Amended Complaint, and for the reasons set forth below, those existing allegations are insufficient to state a cause of action. The purpose of a motion to dismiss is to test the complaint to ensure that the factual allegations contained therein, if proven, would entitle Plaintiff to the relief sought under the applicable law for each cause of action. The exhibits and new factual assertions addressed in Defendants' Motion to Strike cannot support denial of Defendant Pizza Hut's Motion to Dismiss (Doc. 32) because they attempt to insert new facts not contained in Plaintiff's Second Amended Complaint (Doc. 31). Therefore the Court will grant the Defendants' Motion to Strike as to the exhibits and new factual assertions contained in Plaintiff's response (Doc. 44) to Defendant Pizza Hut's Motion to Dismiss (Doc. 32). For the reasons set forth below, the Court will allow Plaintiff an opportunity to amend his Second Amended Complaint (Doc. 31) and Plaintiff may include such additional factual assertions or exhibits as he deems appropriate to attempt to state a cause of action.

With regard to any statements made during settlement negotiations, Plaintiff admits in his response to this motion (Doc. 47) that such statements likely are inadmissible under Fed.R.Evid. 408 to establish liability on behalf of Defendant Pizza Hut. As such it would be improper for the Court to consider such statements on a motion for summary judgment, or on a motion to dismiss for failure to state a claim. Inclusion of such statements in the record is improper because consideration of such statements by the Court clearly violates the intent of the rules of evidence and potentially could hamper settlement efforts in multi-defendant cases. The Court will grant Defendants' Motion to Strike with regard to the use

of any statements made during settlement negotiations to impute liability and Plaintiff should not include such statements in any amended complaint.

Defendant Pizza Hut's Motion to Dismiss (Doc. 32)

The Court will discuss each motion to dismiss in turn, applying the familiar standard of review for motions to dismiss under Fed.R.Civ.P.12(b)(6). For purposes of deciding the motions to dismiss, the Court accepts the allegations in Plaintiff's Second Amended Complaint (Doc. 31) as true and views the facts in the light most favorable to Plaintiff. See, e.g., Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Quality Foods De Centro Amer. v. Latin Amer. Agribusiness Dev. Corp., 711 F.2d 989, 994-95 (11th Cir. 1983). "To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)(internal quotation marks omitted).

Defendant Pizza Hut seeks dismissal of Counts I, IV and V of Plaintiff's Second Amended Complaint (Doc. 31) for failure to state a claim for relief pursuant to Fed.R.Civ.P. 12(b)(6). The Court finds that all three counts are due to be dismissed, Count I with prejudice, and Counts IV and V with leave to amend for the reasons set forth below.

With regard to Count I for injunctive relief, such relief is not properly pled as a separate cause of action, but is available only as a part of the relief granted if Plaintiff prevails on another substantive cause of action, either Count II (Defamation) or Count IV (FDCPA), if injunctive relief is permitted under either of those counts under applicable law.

See, e.g., Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1098 (11th Cir. 2004)("[A] traditional injunction is a remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed...."). Plaintiff acknowledged at the hearing that the FDCPA does not provide for injunctive relief for private litigants, so this remedy is not available in conjunction with Count IV. E.g., Sibley v. Fulton Dekalb Collection Service, 677 F.2d 830, 834 (11th Cir. 1982)("[E]quitable relief is not available to an individual under the civil liability section of the [FDCPA]."); Pollock v. Bay Area Credit Service, LLC., 2009 WL 2475167 at *4, n.2 (S.D.Fla. August 13, 2009)("[I]njunctive relief pursuant to the FDCPA ... is not available in the Eleventh Circuit").

Plaintiff, therefore, may obtain injunctive relief in this case only if such equitable relief is available in conjunction with his claim of defamation in Count II. Reviewing the Plaintiff's Second Amended Complaint (Doc. 31), the Court notes initially that even if injunctive relief is available for defamation, Plaintiff has not made allegations sufficient to establish entitlement to an injunction. His Second Amended Complaint (Doc. 31) does not address the four elements necessary for injunctive relief: 1) substantial likelihood of success on the merits; 2) irreparable injury in the absence of an injunction; 3) that Plaintiff's injury outweighs any harm to Defendants; and 4) that an injunction is not adverse to the public interest. See, e.g., Gold Coast Publications, Inc. v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 2004). Moreover, under Florida law, "[i]n the absence of some other independent ground for invoking equitable jurisdiction, equity will not enjoin either an actual or threatened defamation" and "a complainant is typically left to his or her remedy at law." Weiss v. Weiss, 5 So.3d 758 (Fla. 5th D.C.A. 2009)(citations omitted). As a result, Count I of Plaintiff's Second Amended Complaint (Doc. 31) will be dismissed with prejudice as neither

6

Counts II or IV support such relief, and Plaintiff has not attempted to allege an independent ground for invoking the Court's equitable jurisdiction.

As to Count IV for violation of the FDCPA, the Court agrees with Defendant Pizza Hut that the allegations set forth in Plaintiff's Second Amended Complaint (Doc. 31) are insufficient to establish that Defendant Pizza Hut is a debt collector as defined under the act. The allegations in Plaintiff's Second Amended Complaint (Doc. 31) indicate that Defendant Pizza Hut employed Defendant Security Check as its agent to collect its debt. A debt collector under the FDCPA is one whose principal business is the collection of debts or one who regularly collects or attempts to collect, directly or indirectly, another's debts. 15 U.S.C. §1692(a)(6). Plaintiff has neither alleged that Defendant Pizza Hut is a debt collector nor made allegations regarding Defendant Pizza Hut that would meet the FDCPA's definition of debt collector. Nevertheless, as discussed above with regard to Defendants' Motion to Strike, review of Plaintiff's response to this motion (Doc. 44) indicates that Plaintiff seeks to rely upon additional facts not alleged in his Second Amended Complaint (Doc. 31) to support his assertion that Defendant Pizza Hut is liable as debt collector under the FDCPA. The Court will grant Defendant Pizza Hut's Motion to Dismiss as to Count IV, with leave to amend.

Finally, punitive damages (Count V) are an element of Plaintiff's damages if supported by either Count II (Defamation) or Count IV (FDCPA), and are not properly pled as a separate cause of action. Punitive damages are not available under the FDCPA. Instead, the FDCPA provides for a $1000 maximum of additional damages, which Plaintiff has sought in his Second Amended Complaint (Doc. 31). <u>See</u> Mag. Judge's Order, Doc. 29 at p. 4. In order to establish entitlement to punitive damages as to Count II

(Defamation), Plaintiff acknowledges that he must allege that Defendant Pizza Hut had some independent fault, because vicarious liability is insufficient for an award of punitive damages. Plaintiff's Second Amended Complaint (Doc. 31) does not describe any independent defamatory acts on the part of Defendant Pizza Hut. As a result, the Court finds that Count V also is due to be dismissed, but will give Plaintiff leave to amend, because his response (Doc. 44) to this motion indicates that he seeks to base his claim for punitive damages on facts not included in the Second Amended Complaint (Doc. 31).

Defendant Experian's Motion to Dismiss (Doc. 37)

Defendant Experian also seeks dismissal of Count I of Plaintiff's Second Amended Complaint (Doc. 31) for injunctive relief. Injunctive relief is likewise not available to a private litigant under the FCRA, e.g., Washington v. CSC Credit Services, Inc., 199 F.3d 263, 268-269 (5th Cir. 2000),[2] so Count III of Plaintiff's Second Amended Complaint (Doc. 31) will not provide a basis for such relief. In addition, for the reasons set forth above with regard to Defendant Pizza Hut's Motion to Dismiss, Plaintiff has not made factual allegations sufficient to establish each of the elements required for an injunction, such relief in not typically available in conjunction with a cause of action for defamation, and Plaintiff has not attempted to assert an independent ground for invoking the Court's equitable jurisdiction. As a result, Defendant Experian's Motion to Dismiss will be granted with prejudice.

---

[2] It appears that the Eleventh Circuit has not ruled specifically on this issue, but given the similarities between the FCRA and the FDCPA, and the Eleventh Circuit's position that injunctive relief is not available to private litigants under the FDCPA as discussed above, it seems likely that it would follow the line of cases that hold such relief is likewise not available under the FCRA.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED**:

1. That the Clerk is hereby directed to edit the docket entry for Doc. 31 to indicate that Doc. 31 is Plaintiff's Second Amended Complaint;

2. That "Defendant Pizza Hut of America Inc.'s Motion to Strike Portions of Plaintiff's Opposition to Its Motion for Partial Dismissal ..." (Doc. 46) is granted as set forth herein;

3. That "Defendant Pizza Hut of America Inc.'s Motion for Partial Dismissal ..." (Doc. 32) is granted and Count I of Plaintiff's Second Amended Complaint (Doc. 31) is dismissed with prejudice, and Counts IV and V are dismissed with leave to amend;

4. That Defendant Experian Information Solutions, Inc.'s Partial Motion to Dismiss (Doc. 37) is granted and Count I of Plaintiff's Second Amended Complaint (Doc. 31) is dismissed with prejudice; and

5. That Plaintiff shall have until December 11, 2009, to file a Third Amended Complaint in accordance with this Order.

**DONE AND ORDERED** this ___9th___ day of November 2009

HOWELL W. MELTON
United States District Judge

Copies to:   Counsel of Record