UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN P. LEE,

    Plaintiff,

v.                                      Case No.3:09-cv-421-J-12TEM

SECURITY CHECK, LLC, et al.,

    Defendants.

## ORDER

This cause is before the Court on Defendant, Pizza Hut of America Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 70)("motion to dismiss"), filed December 7, 2009. Plaintiff's response in opposition (Doc. 72) was filed on December 11, 2009. On January 13, 2010, the Court heard oral argument on the motion to dismiss and for the reasons set forth below, will grant the motion to dismiss with prejudice and also dismiss Defendant Pizza Hut of America, Inc. ("Defendant Pizza Hut") as a party to this action.

Plaintiff's Third Amended Complaint asserts various causes of action arising from the three Defendants' alleged erroneous attempt to collect from Plaintiff a debt resulting from a $31.00 worthless check issued to Defendant Pizza Hut. Doc. 66 at ¶ 6. Plaintiff and Defendant Pizza Hut have stipulated that Count III is due to be dismissed as to Defendant Pizza Hut (see Doc. 71). Therefore, the sole issue for resolution on Defendant Pizza Hut's motion to dismiss is whether Plaintiff has stated a cause of action against it for defamation in Count I.

For purposes of deciding a motion to dismiss under Fed.R.Civ.P.12(b)(6), the Court accepts the allegations in Plaintiff's Third Amended Complaint (Doc. 66) as true and views the facts in the light most favorable to Plaintiff. See, e.g., Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Quality Foods De Centro Amer. v. Latin Amer. Agribusiness Dev. Corp., 711 F.2d 989, 994-95 (11th Cir. 1983). "To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(internal quotation marks omitted).

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court addressed the standard of pleading in order to state a claim for relief and avoid dismissal under Fed.R.Civ.P.12(b)(6). The Supreme Court noted that while a complaint need not contain detailed factual allegations, a plaintiff is required to provide more than labels and conclusions and a formulaic recitation of the elements of a cause of action and must make factual allegations that create more than a suspicion of a legally cognizable cause of action, on the assumption that all of the allegations in the complaint are true, even if doubtful in fact. 550 U.S at 555 (citations omitted). A complaint must allege enough facts, taken as true, to raise the reasonable expectation that discovery will reveal evidence sufficient to establish the elements of the cause of action. See, Id. at 556. The factual allegations must move beyond the mere possibility of the existence of a cause of action to establish plausibility of entitlement to relief. See, Id. at 557-558. The Supreme Court

expressly rejected the often used standard derived from Conley v. Gibson, 355 U.S. 41 (1957), that a plaintiff states a cause of action if the allegations raise the possibility that the plaintiff could establish some set of facts to support recovery. Id. at 561-563.

The Supreme Court recently has reiterated Twombly's requirement that to survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to state a claim fo relief that is plausible on its face" and further elaborated on the "plausibility standard," in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(citations omitted).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. (internal quotations and citations omitted). The Iqbal Court further explained that a court need not accept legal conclusions couched as factual recitations as true and that determining whether a complaint states a plausible claim for relief is a context-specific task requiring the reviewing court to draw on its judicial experience and common sense. Id. at 1950. A complaint has *alleged*, but not *shown* entitlement to relief, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.

The allegations in Plaintiff's Third Amended Complaint (Doc. 66) relevant to Defendant Pizza Hut are contained in paragraphs 2, 3, 8, 19, 25, and 28. Plaintiff's general allegations are that 1) Defendant Security Check, LLC ("Defendant Security Check") provided debt collection services and performed as an agent of Defendant Pizza Hut (Doc. 66 at ¶2); 2) Defendant Pizza Hut utilized Defendant Security Check to collect

on returned checks (Id. at ¶ 3); Yum Restauant Services Group, Inc.("Yum"), the parent holding company of Defendant Pizza Hut contracted with Defendant Security Check to collect on Defendant Pizza Hut's returned checks (Id.); 4) on December 28, 2008, Plaintiff received a credit report stating that Defendant Security Check, acting as agent for Defendant Pizza Hut, had reported Plaintiff responsible for a returned check (Id. at ¶ 8); and 5) on March 27, 2009, Plaintiff's employee, First Coast Credit Wizards, phoned Defendant Pizza Hut's corporate headquarters, "asked for their assistance" and was told that "[Defendant] Security [Check,] under contract to Yum, collects on returned checks for [Defendant] Pizza Hut and that [Defendant] Security [Check] would be called and the matter resolved (Id. at ¶19)."

In attempting to state a cause of action against Defendant Pizza Hut for defamation, Plaintiff further alleges that 1) Defendant Security Check acted as the agent of defendant Pizza Hut in its collection of returned checks (Id. at ¶ 25); 2) defendant Security Check, under contract with Yum, "collects funds on returned checks, retains a percentage, and returns the balance to [Defendant] Pizza Hut" (Id.); and 3) "[Defendant] Pizza Hut independently acted in a willful manner when, on March 27, 2009, it was told of its agent's [Defendant Security Check's] actions and refused to exercise its contractual control, causing the defamation to continue (Id. at ¶ 28)."

With regard to his claim for defamation, the Plaintiff also asserts that 1) Defendants Security Check and Experian Information Solutions, Inc. published false information about Plaintiff, in that he did not write the returned check in question (Id. at ¶ 24); 2) Defendants' negligence became willful when they refused to correct the publication despite documentation of its falsity (Id. at ¶ 28); and 3) as of February 7, 2009, Defendant Security

4

Check knew Plaintiff could not be identified as the writer of the returned check but refused to cease its collection efforts or correct his credit report (Id.).

Based upon the allegations of the Third Amended Complaint (Doc. 66), Plaintiff's theory is that Defendant Pizza Hut is vicariously liable for the alleged defamatory actions of Defendant Security Check. According to Plaintiff's Third Amended Complaint (Doc. 66), that vicarious liability arises because of an alleged agency relationship between Defendants Pizza Hut and Security Check, purportedly arising from the contract between Yum and Defendant Security Check to collect Defendant Pizza Hut's returned checks. As a result, Plaintiff maintains that Defendant Pizza Hut is liable for all the alleged negligent defamatory acts of Defendant Security Check. The only independent, willful action of Defendant Pizza Hut alleged is that on March 27, 2009, "it was told of its agent's actions and refused to exercise its contractual control, causing the defamation to continue." Doc. 66 at ¶ 28.

The court in Bach v. Florida State Bd. of Dentistry, 378 So.2d 34 (Fla. 1st D.C.A. 1980), reviews the Florida law of agency and discusses what is required to hold a principal vicariously liable for the acts of its agent.

> Before one may infer that a principal ratified the unauthorized act of his agent, the evidence must demonstrate that the principal was fully informed and that he approved of the act. . . .The principal is charged only upon a showing of full knowledge, and not because he had notice which should have caused him to make inquiry, which in turn would have brought to his attention the knowledge of the unauthorized act of the employee. . . . There is no duty imposed upon the principal to make inquiries as to whether his agent has carried out his responsibilities. The principal has a right to presume that his agent has followed instructions and has not exceeded his authority. . . .[W]henever he is sought to be held liable on the ground of ratification, either express or implied, it must be shown that he ratified upon full knowledge of all material facts, or that he was willfully ignorant, or purposefully refrained

5

> from seeking information, or that he intended to adopt the unauthorized act in all events, whatever circumstances.

378 So.2d at 36-37 (citations and internal quotations omitted).

The only allegations in Plaintiff's Third Amended Complaint (Doc. 66) which set forth anything other than the alleged agency relationship between Defendants Pizza Hut and Security Check to establish Defendant Pizza Hut's vicarious liability for defamation, are contained in paragraphs 19 and 28: that Plaintiff's employee, First Coast Credit Wizards, phoned Defendant Pizza Hut's corporate headquarters, "asked for their assistance" and was told that "[Defendant] Security [Check,] under contract to Yum, collects on returned checks for [Defendant] Pizza Hut and that [Defendant] Security [Check] would be called and the matter resolved;' and that "[Defendant] Pizza Hut independently acted in a willful manner when, on March 27, 2009, it was told of its agent's [Defendant Security Check's] actions and refused to exercise its contractual control, causing the defamation to continue." In support of his theory of vicarious liability, Plaintiff offers only the conclusory statement that Defendant Pizza Hut failed to exercise "contractual control" over Defendant Security Check. Plaintiff does not provide any further factual basis to support his "contractual control" theory other than alleging the existence of a contract between Yum and Defendant Security Check, to which Defendant Pizza Hut is not alleged to be a party, but merely a beneficiary of funds collected on returned checks. See Doc. 66 at ¶ 25.

The Court is of the opinion that Plaintiff's largely conclusory allegations with regard to Defendant Pizza Hut do not provide facts sufficient to establish sufficient control, knowledge or ratification on the part of Defendant Pizza Hut to bridge the gap between, at most, a mere possibility of its liability for the alleged defamatory acts of Defendant Security

Check to plausibility of such liability. In other words, based upon the allegations in Plaintiff's Third Amended Complaint (Doc. 66), the Court finds that any right to relief would be purely speculative and that the allegations do not provide a reasonable expectation that discovery will reveal evidence sufficient to hold Defendant Pizza Hut liable for defamation. Accordingly, the Court determines that Count I is due to be dismissed as to Defendant Pizza Hut.

The Court is mindful of the fact that Fed.R.Civ.P. 15(a)(2) prescribes that leave to amend should be freely given when justice so requires. Nevertheless, discretion to permit amendment may be denied based upon a substantial reason, such as undue delay, futility, repeated failure to cure deficiencies in the complaint by amendments previously allowed, and undue prejudice to the opposing party by virtue of permitting amendment. See, e.g., Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999)(citations omitted).

Plaintiff has had four opportunities to state a claim for defamation against Defendant Pizza Hut. The Court finds that the implausibility of liability on the facts asserted as discussed above, and the resulting delay and prejudice to Defendant Pizza Hut in allowing Plaintiff yet a fifth attempt to state a cause of action for defamation, are substantial reasons to deny further opportunity to amend this count, as such opportunity would not serve the interest of justice in this case.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED:**

That Defendant, Pizza Hut of America Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 70) is granted, and Counts I and III of Plaintiff's Third Amended

Complaint (Doc. 66) are hereby dismissed with prejudice as to Defendant Pizza Hut of America, Inc. and Defendant Pizza Hut of America, Inc. is hereby dismissed as a party to this case.

**DONE AND ORDERED** this \_\_\_10th\_\_\_\_ day of February 2010

*Howell W. Melton*
Senior United States District Judge

Copies to:   Counsel of Record